UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV14-03106 JAK (JEMx) | Date | September 25, 2014 |
| Title | Signal IP, Inc. v. Ford Motor Company | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER GRANTING DEFENDANT FORD MOTOR COMPANY'S MOTION TO TRANSFER TO THE EASTERN DISTRICT OF MICHIGAN (DKT. 35)   JS-6

## I.   INTRODUCTION

On April 23, 2014, Plaintiff Signal IP, Inc. ("Plaintiff") brought this action against Ford Motor Company ("Defendant"), alleging direct and indirect infringement of six United States Patents: Nos. 5,714,927, 5,732,375, 6,434,486, 6,775,601, 6,012,007, and 5,463,374 (collectively, the "Patents-In-Suit"). Defendant moved to transfer the action to the Eastern District of Michigan (the "Motion"). Motion, Dkt. 35. A hearing on the Motion was held on September 15, 2014, and the Motion was taken under submission. For the reasons stated in this Order, the Motion is GRANTED.

## II.   BACKGROUND

Defendant is an automobile manufacturer whose headquarters are located in Detroit, Michigan. Dkt. 36 at 4, 10. Plaintiff, which was established and incorporated on February 27, 2014, is located in Los Angeles, California. Motion, Ex. 2, Dkt. 36-3 at 1. On March 26, 2014, Plaintiff became the assignee of the Patents-in-Suit. Motion, Ex. 3, Dkt. 36-4 at 3.

Doug Croxall is the Chief Executive Officer of both Plaintiff and Plaintiff's parent company, Marathon Patent Group. Croxall Decl., Dkt. 38-6 at ¶ 1. "All relevant work regarding [Plaintiff] and its predecessor in interest Loopback Technologies, Inc. has been performed from [Marathon Patent Group's] Los Angeles office." *Id.* at ¶ 5. Croxall lives in Los Angeles. Croxall Decl., Dkt. 38-6 at ¶¶ 1-2. Plaintiff has not alleged that it has any other employees or that it engages in any business other than licensing and protecting its patent portfolio.

Defendant "conducts the research, design, development, marketing, and advertising of the accused vehicles and technology chiefly in Dearborn, Michigan." Motion, Dkt. 36 at 4. "For the 30+ accused vehicles . . . hundreds of [Defendant's] employees in Dearborn were involved in the research, engineering, design, marketing and advertising of the accused vehicles." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03106 JAK (JEMx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Signal IP, Inc. v. Ford Motor Company | | |

Plaintiff has filed 14 other similar actions before this Court against other defendants in the automotive industry, 13 of which remain pending at this time. Collectively these actions concern at least the same six patents that are issue here. All of those other cases have been deemed related pursuant to General Order 08-05. No decision as to potential consolidation has been made. Plaintiff believes that consolidation would be appropriate for claim construction and other pretrial matters, while Defendants have expressed reservations concerning consolidation. Joint Rule 16(b) Report, Dkt. 46 at 3, 14, 18-20.

### III. ANALYSIS

#### A. Legal Standard

The Motion has been brought pursuant to 28 U.S.C § 1404(a). That statute provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In a patent case, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The moving party bears the burden of proving that the case should be transferred. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). To meet this burden, that party must demonstrate that both private and public interests favor a transfer and overcome the choice of forum made by the non-moving party. In *Jones*, the Ninth Circuit set forth ten factors that district courts may consider in determining whether the moving party has met its burden: (1) the location where the relevant agreements were negotiated and executed; (2) the District that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective contacts with the forum of the moving and non-moving party; (5) contacts relating to plaintiff's cause of action that are present in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof in each forum; (9) the presence of a forum selection clause; and (10) any applicable public policy of the forum state. *Id.* at 498-499.

"[T]hese factors cannot be mechanically applied to all types of cases" and should be considered "under the statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice." *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1259 (W.D. Wash. 2005).

#### B. Application

Plaintiff does not dispute that it could have brought this action in the Eastern District of Michigan. Opp'n, Dkt. 38. The parties agree that there is no operative forum selection clause, and neither contends that there is some public policy of California that should be weighed as part of the analysis of the potential transfer of the action. The applicable *Jones* factors are next addressed.

##### 1. Where the Relevant Agreements Were Negotiated and Executed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03106 JAK (JEMx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Signal IP, Inc. v. Ford Motor Company | | |

The location of the negotiation and execution of the "relevant agreements" is neutral, because the location where *Plaintiff* executed its patent purchase agreements, which did not involve Defendant, has no bearing on venue. *See Seely v. Cumberland Packing Corp.*, 10-CV-02019-LHK, 2010 WL 5300923 (N.D. Cal. Dec. 20, 2010) ("There is no contract at issue in this action [for false patent marking]. Thus, this factor is irrelevant to this analysis.")

      2.      Familiarity with the Governing Law

Plaintiff argues that the "Central District of California has significantly greater familiarity with patent litigation than the Eastern District of Michigan," citing the Court's participation in the Patent Pilot Program and adoption of patent rules. Opp'n, Dkt. 38 at 7-8. The Eastern District of Michigan does not participate in the Patent Pilot Program and does not have local patent rules. *Id.* at 8 (citing *Velocity v. Audi of America*, 2014 U.S. Dist. LEXIS 115699 (N.D. Ill. 2014)).

Notwithstanding these distinctions, the Eastern District of Michigan routinely handles patent cases. Like many judges here in the Central District, many in the Eastern District use standing or model orders. These serve the same case management purpose as local patent rules. Reply, Dkt. 42 at 9. That judges in the Central District, including this Court, participate in the Patent Pilot Program may be relevant to the transfer analysis. Thus, a concentration of patent cases is consistent with the purposes of the Program. *Industry Access, Inc. v. Ellie Mae, Inc.*, CV13-02769 KAJ (AJWx), Dkt. 31 (Sept. 18, 2013). However, as to the ability to apply federal law uniformly, "most courts have frowned on the suggestion that the judges of one district are more capable or experienced in a particular area than are judges of another district." *Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1055 (N.D. Ill. 2012).

The familiarity of the districts with the governing law is a more significant factor when the case involves state law or rules that differ among the regional circuits. It is a less significant factor when the applicable law is uniform throughout the nation. *See In re Link_A_Media Devices*, 662 F.3d 1221, 1224 (Fed. Cir. 2011) (proposed transferee district court was equally well equipped to address uniform national patent law). Patent law is uniform across all Circuits. *Id.* Because the Central District and the Eastern District of Michigan routinely handle patent cases, this factor is neutral.

      3.      Plaintiff's Choice of Forum

There is a strong presumption in favor of Plaintiff's choice of forum. *See Decker Coal*, 805 F.2d at 843 ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). However, this presumption may be rebutted due to a variety of circumstances, including: when the party who has selected the challenged forum does not reside there; where there is some suggestion of forum shopping by the non-moving party; and when the chosen forum lacks a significant connection to the activities alleged in the complaint. *Microsoft Corp. v. Tivo, Inc.*, No. C11-00134-RSM, 2011 WL 1930640, at *3 (W.D. Wash. May 19, 2011)*; Williams v. Bowman*, 157 F.Supp.2d 1103, 1107 (N.D. Cal. 2001).

Defendant argues that Plaintiff's choice of forum is entitled only to minimal consideration for two reasons: (1) the design and engineering of the accused vehicles occurred outside of this District; and (2) Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03106 JAK (JEMx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Signal IP, Inc. v. Ford Motor Company | | |

was incorporated so recently. Motion, Dkt. 36 at 8-9. Plaintiff responds that it operates and is incorporated in the Central District of California, and that its connections are not "fleeting." Opp'n, Dkt. 38 at 6-7.

Plaintiff is a California company operating in the Central District. But, it was incorporated on February 27, 2014. This was less than two months before it brought this case. That timing provides some support for a claim of forum shopping. Motion Ex. 2, Dkt. 36-3. The design and engineering of the accused vehicles occurred outside of this District. Collectively, these facts take some force away from the presumption in favor of Plaintiff's choice of this forum. However, this factor still weighs somewhat against transfer.

        4.        <u>The Parties' Contacts with the Forum and the Contacts with the Chosen Forum Relating to Plaintiff's Cause of Action</u>

"[I]n patent infringement actions, the preferred forum is that which is the center of gravity of the accused activity." *Amazon.com*, 404 F. Supp. 2d at 1260 (internal quotation marks omitted). "The district court ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Id.* This location is often where the development, research, and marketing of the accused product occurred. *See Arete Power, Inc. v. Beacon Power Corp.*, No. CV 07-5167 WDB, 2008 WL 508477, at *5 (N.D. Cal. 2008). "This makes sense because in determining whether infringement has been established, the principal target of inquiry is the design and construction of the accused product. The trier of fact will be asked to compare the claims in the patent with the accused product—examining its development, its components, its construction, and how it functions." *Id.*

Defendant argues that its primary contacts are with the Eastern District of Michigan, and that the sale of many of its vehicles within the Central District of California is less significant. Motion, Dkt. 36 at 10. Plaintiff responds that Defendant has significant contacts within this District because it has "no fewer than *seventy* dealerships clustered in this District" including "the No. 1 volume Ford dealership in the world for 21 consecutive years, Galpin Ford." Opp'n, Dkt. 38 at 9 (emphasis in original).

Although many Ford vehicles are sold in this District -- and in other ones throughout the United States -- the contacts relevant to this case, *i.e.,* those with the greatest significance as to the research, design and marketing of the accused products, are centered in the Eastern District of Michigan. These factors favor transfer.

        5.        <u>The Comparative Cost of Litigating in the Districts and the Convenience of the Witnesses</u>

For the comparative cost of litigation to weigh in favor of transfer, there must be actual cost savings, and not mere shifting of the costs between parties. *See, e.g., DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002). Relevant costs include those related to where witnesses work and reside. *See, e.g., Italian Colors Rest. v. Am. Express Co.*, No. CV 03-3719 SI, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003) ("Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03106 JAK (JEMx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Signal IP, Inc. v. Ford Motor Company | | |

Defendant has identified 16 individual employees who are expected to be witnesses and who reside in the Eastern District of Michigan. Decl. of Steven Schondorf in Support of Motion, Dkt. 36-2 at ¶ 7. Defendant contends that there would be a substantial cost associated with bringing many witnesses to a trial in Los Angeles, and that their travel would take them away from their regular job duties with a resulting disruption of Defendant's ordinary business in Michigan. Motion, Dkt. 36 at 12. Plaintiff has identified only a single potential witness in this district -- its CEO. Reply, Dkt. 42 at 2. Plaintiff argues that it would incur substantial expense, and its business would be unnecessarily disrupted, by transfer of this action from Los Angeles to the Eastern District of Michigan. Croxall Decl., Dkt. 38-6 at ¶ 6.

Defendant can be expected to have many more trial witnesses than Plaintiff. The factual inquiries in the case are focused on Defendant's activities. It will be significantly more expensive for 16 witnesses to travel between Detroit and Los Angeles than for a single witness to travel on that route. Similarly, more business activity may be disrupted if 16 witnesses are away from work than one. To be sure, the effect may vary according to the responsibilities of the particular witnesses, as well as an assessment as to whether each would also miss work while appearing as a trial witness in Michigan. However, there is an added factor here: Defendant intends to obtain testimony from non-party witnesses, including employees of its suppliers who are located in the Eastern District of Michigan as well as named inventors in Indiana and prosecuting attorneys in Michigan and Ohio. Motion, Dkt. 36 at 12-13. A consideration of all of these facts leads to the conclusion that cost and convenience weighs substantially in favor of transfer.

  6.  <u>Availability of Compulsory Process</u>

Defendant argues that at least nine of its suppliers -- all of whom have evidence relevant to the case -- conduct their business relations with Defendant in the Eastern District of Michigan. Motion, Dkt. 36 at 12. Because these suppliers and their employees are not parties, their testimony may have to be obtained by using compulsory process. *Id.* at 12-13. Plaintiff responds that this factor is neutral because Defendant has not provided evidence that non-party witnesses would be unwilling to travel for trial. Opp'n, Dkt. 38 at 13.

Whether witnesses are willing to testify at trial is often something that cannot be reliably ascertained in advance of trial. Among other things, there is no certainty as to what witness may be needed at trial given that the proceedings are at such an early stage, and the issues have not yet been narrowed. However, Plaintiff has not identified any potential non-party witnesses who would be called and who reside in this forum. In contrast, Defendant has identified a significant number of potential trial witnesses who reside in Michigan. This disparity is sufficient to find that it is substantially more likely that Defendant will be prejudiced at trial by the unavailability of compulsory process should the action remain in this District. Therefore, this factor favors transfer.

  7.  <u>Ease of Access to Sources of Proof</u>

Defendant argues that its "documents relating to research, design, development, marketing, advertising, and sales of the relevant products are primarily maintained in the [Eastern District of Michigan]" and that "[a] non-practicing entity typically has scant evidence to produce." Motion, Dkt. 36 at 11-12. Plaintiff responds that the location of documents should be afforded little weight because they may be easily transmitted electronically. Opp'n, Dkt. 38 at 11. Defendant replies that some of its evidence is in the form

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03106 JAK (JEMx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Signal IP, Inc. v. Ford Motor Company | | |

of "physical evidence and source code" that is not easily transferred in that manner. Reply, Dkt. 42 at 4.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genetech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *A10 Networks, Inc.*, 2011 WL 5835374 at *4 (same). Although electronic transmission of documents may mitigate the inconvenience of access to documents relating to infringement, *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009), not all relevant evidence is electronic. And, there are particular sensitivities concerning access to source code, which Plaintiff believes will be at issue in this case. Joint Rule 16(b) Rep., Dkt. 46 at 10. This factor weighs very slightly in favor of transfer.

        8.      <u>Compelling Local Interest in Adjudicating the Controversy</u>

A district may have a relevant local interest when claims "call into question the work and reputation of several individuals residing in or conducting business in this community." *In re Hoffman-La Roche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). Defendant argues that because its headquarters and principal place of business are in the Eastern District of Michigan, the design and marketing of the accused products took place there, and this action necessarily challenges the work and reputation of certain of its employees who performed that work, the Eastern District of Michigan has a strong local interest in adjudicating this controversy. Motion, Dkt. 36 at 10.

Plaintiff responds that the Central District has an equally compelling interest in adjudicating this controversy because much of the alleged infringement occurred here. Opp'n, Dkt. 38 at 9-10. Further, Plaintiff argues that Defendant's alleged long-standing and high-profile presence in the Detroit community suggests that Defendant may be engaging in forum shopping. *Id.* at 11.

Each District has a significant interest in adjudicating this controversy; each side is located in one District. However, the center of gravity of the accused activity is in the Eastern District of Michigan. Thus, the Eastern District of Michigan has a somewhat stronger interest in adjudicating this case. This factor weighs slightly in favor of transfer.

        9.      <u>Judicial Economy</u>

Where "several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues." *Regents of the Univ. of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). Plaintiff argues that "judicial economy is determinative and weighs heavily against transfer." Opp'n, Dkt. 38 at 3. Plaintiff notes that it has filed 13 other actions against similar defendants in the automotive industry, asserting the same six patents, and argues that "[a]ll actions therefore share common issues such as validity of the patents, claim construction, and infringement." *Id.* at 3-4. As noted, those other actions are presently pending in this District, although a motion to transfer one of them is now pending. Motion to Transfer Case to Eastern District of Michigan, Dkt. 40, *Signal IP, Inc. v. Fiat U.S.A.*, Inc., LACV 14-3105 JAK (JEMx) (Sept. 23, 2014).

Defendant responds that arguments about judicial efficiency are speculative because it is may be that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03106 JAK (JEMx) | Date | September 25, 2014 |
|---|---|---|---|
| Title | Signal IP, Inc. v. Ford Motor Company | | |

none of the other cases will make it to trial. Reply, Dkt. 42 at 12. Although it is impossible to predict the litigation path of these 14 cases, the Court will manage those pending here with regard to both pretrial and trial in a manner designed to generate all appropriate efficiencies. And, it is true that simply having the same patents before the same judge as to similar, if not identical legal and factual issues, creates efficiencies. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("a familiarity with the patents could preserve time and resources.").

For these reasons, a consideration of advancing judicial economy weighs against transfer. However, this is not a case in which the other factors are in equipoise, making this one determinative. In *Allen v. Scribner*, 812 F.2d 426 (9th Cir. 1987), a Ninth Circuit case cited by the Federal Circuit in *Regents of the University of California v. Eli Lilly & Co.*, 119 F.3d 1559, the Ninth Circuit affirmed a denial of transfer where the bulk of the cause of action occurred in the district where the case was pending and the case had proceeded there for more than three years. In another, the Ninth Circuit gave weight to the fact that "[t]he district court was familiar with the case and transfer may have led to delay." *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). The Motion here is premised on different facts. Although this Court has conducted a Scheduling Conference and set dates that are designed to lead to an efficient *Markman* process, this case is at a very early stage. Thus, the judicial economy that could result from the litigation of this matter, along with more than a dozen others, is only one relevant factor in the transfer analysis.

The Federal Circuit has held open the possibility that it could be proper to deny transfer based on judicial economy even when all of the convenience factors favor transfer. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-46 (Fed. Cir. 2010) (citing *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19 (1960)). However, that court reached that conclusion because "§ 1404(a) commits the balancing determination to the sound discretion of the trial court based not on per se rules but rather on an 'individualized, case-by-case consideration of convenience and fairness.'" *Id*. at 1345 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Here, an individualized consideration of convenience and fairness leads to the conclusion that the potential judicial efficiency from having this action remain in this District is outweighed by the factors favoring transfer.[1]

## IV. CONCLUSION

An assessment of the relevant factors here demonstrates that the transfer of this action to the Eastern District of Michigan is justified by convenience and the interest of justice. Plaintiff's choice of forum and judicial economy each weighs against transfer. However, the parties' respective contacts with the Central District, the contacts relating to the cause of action in the Eastern District of Michigan, the difference in litigation cost in the two forums, the availability of compulsory process for non-party witnesses, the ease of access to sources of proof and the comparative interest of each forum in adjudicating the controversy, all weigh in favor of transfer.

---

[1] Judicial efficiency may be served here by coordination between the District Courts handling litigation concerning the same patents. The formal multidistrict litigation procedures of 28 U.S.C. § 1407 may also be a means of increasing efficiency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV14-03106 JAK (JEMx) | Date | September 25, 2014 |
| Title | Signal IP, Inc. v. Ford Motor Company | | |

For the foregoing reasons, the Motion is GRANTED. The case is TRANSFERRED to the Eastern District of Michigan.

**IT IS SO ORDERED.**

: 

Initials of Preparer    ak