UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIGNAL IP, INC.,

                Plaintiff,

                                        Case No. 14-cv-13729

v.

                                        HON. MARK A. GOLDSMITH

FORD MOTOR COMPANY,

                Defendant.
_____/

**OPINION AND ORDER
DENYING DEFENDANTS FORD MOTOR COMPANY'S AND FCA US LLC'S JOINT
MOTION TO STAY ALL PROCEEDINGS PENDING REEXAMINATION AND INTER
PARTES REVIEW (Dkt. 13)**

**I.  INTRODUCTION**

In this patent infringement case, Plaintiff Signal IP, Inc. ("Signal") alleges that
Defendants Ford Motor Company ("Ford") and Fiat Chrysler US LLC ("FCA") (collectively
"Defendants" or "Ford and FCA") have infringed upon six of its patents.  This matter is before
the Court on Defendants' joint motion to stay all proceedings pending reexamination and inter
parties review (Dkt. 13).[1]  Because oral argument will not aid the Court, the motion will be
decided based on the parties' briefing.  See E.D. Mich. L.R. 7.1(f)(2).

For the reasons stated below, the Court denies Defendants' joint motion to stay this case.
The parties shall contact the Court's Special Master Christopher G. Darrow to discuss a proposed
schedule for this case.  The parties shall use the Court's Model Rule 26(f) Report and Proposed
Scheduling Order as a guide in negotiating a schedule that is appropriate for this case.

_____

[1]  In the related case of Signal IP, Inc. v. Fiat U.S.A. Inc, et al., No. 14-13864 (Goldsmith, J.),
Defendant FCA filed a substantially similar motion to stay (Dkt. 20).  To avoid duplicative
citations when citing to the record in this joint motion, the Court in this opinion and order will
cite to briefs and exhibits in Signal IP, Inc. v. Ford Motor Company, No. 14-13729.

## II. BACKGROUND

In early 2014, Signal filed a series of patent-infringement cases in the United States District Court for the Central District of California against various automobile manufacturers, including the present cases against Ford and FCA. In the cases against Ford and FCA, Signal asserted six patents against Ford[2] and five patents against FCA.[3] The patents relate to several different technologies.

After an initial scheduling conference, on September 25, 2014, the California district court issued an order granting Ford's motion to transfer the case against Ford to the United States District Court for the Eastern District of Michigan (Dkt. 13-4). Shortly thereafter, on October 6, 2014, the California district court granted FCA's motion to transfer the case against Chrysler to the United States District Court for this Eastern District of Michigan (Dkt. 13-5). The cases were initially assigned to Judges O'Meara and Tarnow, but they were reassigned to this Court in January 2015. At the time the cases were transferred, the cases were in their infancy with only Rule 26(a)(1) initial disclosures having been exchanged.

After the cases against Ford and FCA were transferred to the Eastern District of Michigan, several automobile manufacturers filed proceedings at the United States Patent and Trademark Office ("USPTO") to invalidate the asserted claims of the patents. Currently, all of the asserted patents and claims are subject to a patentability review by the USPTO. The below table summarizes the proceedings filed at the USPTO.

---

[2] Those patents include: (1) U.S. Patent No. 6,012,007; (2) U.S. Patent No. 5,732,375; (3) U.S. Patent No. 5,714,927; (4) U.S. Patent No. 6,434,486; (5) U.S. Patent No. 6,775,601; and (6) U.S. Patent No. 5,463,374. See Joint Discovery Plan at 6 (Dkt. 12).

[3] The same patents, other than the '601 Patent, are asserted against FCA.

| Asserted Patent No. | Challenged Claims | Proceeding No. | Filer | Filing Date |
|---|---|---|---|---|
| 6,775,601 | 1-17 | IPR2015-00860 | Ford | March 13, 2015 |
| | 1-4, 6-11, 13-17 | IPR2015-00861 | Ford | March 13, 2015 |
| | 8-11, 13, 15, 17 | IPR2015-00941 | MBUSA | March 25, 2015 |
| | 1-17 | IPR2015-01002 | Honda | April 3, 2015 |
| | 8-11, 13, 15, 17 | Reexamination Control No. 90/013,385 | Volkswagen and Bentley | October 27, 2014 |
| 6,434,486 | 21, 23, 26, 27-28, 30, 34-35 | IPR2015-00890 | MBUSA | March 16, 2015 |
| | 1, 6-8, 13-14, 21, 26-28, 33-34 | IPR2015-01005 | Honda | April 3, 2015 |
| | 21, 26, 28 | Reexamination Control No. 90/013,384 | Volkswagen and Bentley | October 27, 2014 |
| | 21, 26-28, 34 | IPR2015-01110 | Porsche | April 24, 2015 |
| 5,714,927 | 1-2, 6 | IPR2015-00968 | Volkswagen | March 30, 2015 |
| 5,732,375 | 1, 7 | IPR2015-01003 | Honda | April 3, 2015 |
| | 1, 7 | Reexamination Control No. 90/013,386 | Volkswagen and Bentley | October 7, 2014 |
| 6,012,007 | 1-3, 5, 9, 17-21 | IPR2015-01004 | Honda | April 4, 2015 |
| 5,463,374 | 1-3 | IPR2015-01118 | FCA | April 29, 2015 |

On April 29, 2015, Defendants filed the present motion to stay these cases in light of the fact that eleven inter partes review proceedings and three reexamination proceedings had been filed challenging the validity of the asserted patents.  Defendants argue that it would be more efficient for the USPTO to decide the validity of the asserted claims of the patents before this Court proceeds with this case.

On May 11, 2015, the Court held a telephonic scheduling conference with the parties.  At the conference, the Court inquired about the issues raised in Defendants' motion to stay because the motion had not been fully briefed.

### III. ANALYSIS

Defendants Ford and FCA move to stay these cases in light of the fact that eleven inter partes review proceedings and three reexamination proceedings have been filed challenging the

validity of all the claims asserted in the patents-in-suit.  Ford and FCA argue that it would be more efficient for the USPTO to decide the validity of the asserted claims in the patents before this Court proceeds with this case.

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-1427 (Fed. Cir. 1988); see also Landis v. North Am. Co., 299 U.S. 248, 254-255 (1936).  Likewise, courts have broad discretion in deciding whether a stay is appropriate pending the conclusion of an inter partes review proceeding.  Regents of Univ. of Mich. v. St. Jude Med., Inc., No. 12-12908, 2013 WL 2393340, *2 (E.D. Mich. May 31, 2013).

The decision of whether or not to stay a case until the conclusion of a reexamination or inter partes review proceeding is within the sound discretion of the district court.  Patlex Corp. v. Mossinghoff, 758 F.2d 594, 602-603 (Fed. Cir. 1985); Regents of Univ. of Mich., 2013 WL 2393340, *2.  The decision of whether or not to stay a case is highly fact specific.

In considering whether or not to stay a case, courts routinely consider at least the following three factors: (1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial date has been set.  Dura Global Techs., LLC v. Magna Int'l Inc., No. 11-cv-10551, 2011 WL 5039883, at *6 (E.D. Mich. Oct. 24, 2011); Regents of Univ. of Mich., 2013 WL 2393340, *2 ("To determine whether a stay pending inter partes review is appropriate, courts apply the same factors as determining whether to stay a case pending reexamination.").

As explained fully below, the Court finds that the above factors weigh in favor of denying Defendants' motion to stay this case.

**A. First Factor: Whether a Stay Will Simplify the Issues in Question and Trial of This Case**

The first factor that the Court considers when considering whether or not to grant a stay is whether a stay will simplify the issues in the case and/or make the case significantly more efficient for the court and the parties.  In some cases, an <u>inter partes</u> review or reexamination proceeding challenging all asserted claims can "dispose of the entire litigation: the ultimate simplification of issues." <u>VirtualAgility Inc. v. Salesforce.com, Inc.</u>, 759 F.3d 1307, 1314 (Fed. Cir. 2014).  However, an <u>inter partes</u> review or reexamination "need not dispose of a case completely to simplify the issues in a case." <u>Cequent Performance Prods., Inc. v. Hopkins Mfg. Corp.</u>, No. 13-cv-15293, 2015 WL 1510671, *2 (E.D. Mich. Apr. 1, 2015).

Defendants argue that this factor favors staying this case because the <u>inter partes</u> review and reexamination proceedings before the USPTO will likely simplify the issues in this federal court litigation.  Defendants point out that all the asserted claims of the patents in the federal court litigation are the subject of an <u>inter partes</u> review proceeding and/or <u>ex parte</u> reexamination proceeding challenging the validity of the asserted claims.  Given the substantial number of <u>inter partes</u> review and reexamination proceedings, Defendants argue there is a substantial likelihood that some, if not all, of the asserted claims will be cancelled or amended in the <u>inter partes</u> review and reexamination proceedings.  Defendants argue that the Court should be fully informed of the validity and scope of the asserted claims before embarking on a costly litigation.

Plaintiff argues that the reexamination and <u>inter partes</u> review proceedings "offer little hope of simplifying this litigation significantly."  Pl. Resp. at 6 (Dkt. 18).  Plaintiff makes three arguments.  First, Plaintiff argues that it has recently "agreed to dismiss all of the claims asserted in this litigation that are at issue before the Patent Office for U.S. Patent No. 5,732,375 and U.S. Patent No. 6,775,601."  <u>Id.</u>  Plaintiff states that in it "currently intends to amend its complaint to

assert other claims of the '375 Patent, but those claims are not at issue in the IPR proceedings." Id. at 6 n.1.

Second, Plaintiff argues that "because only a single IPR proceeding was instituted by Ford or FCA, the IPR proceedings will not resolve all, or even most, of the likely validity arguments." Id. at 8. Plaintiff's argument is based on 35 U.S.C. § 315(e)(2), which estops a person who files an inter partes review from making the same invalidity arguments it raised, or could have raised, in the inter partes review proceeding in a federal court patent infringement lawsuit. Specifically, 35 U.S.C. § 315(e)(2) states:

> The petitioner in an inter partes review . . . or real party in interest or privy of the petitioner, may not assert . . . in a civil action . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

Because almost all of the USPTO proceedings were filed by automobile manufacturers other than Ford and FCA, Plaintiff points out that the estoppel provision of 35 U.S.C. § 315(e)(2) will not apply to Ford and FCA in this case and, therefore, Ford and FCA will be free to make the same arguments in this case as were made before the USPTO. Plaintiff argues that staying this case would be unfair because it would give Ford and FCA the benefit of seeing if the other automobile manufacturers invalidate the asserted claims in the patents. If other manufacturers successfully invalidate the asserted claim in the patents, then the patents would be invalid against Ford and FCA. On the other hand, because there would not be estoppel against Ford and FCA, if the other manufacturers were unsuccessful in invalidating the asserted patents at the USPTO, then Ford and FCA could still make the same arguments in this federal court case.

Third, Plaintiff points out that any ruling by the USPTO will not resolve all the defenses raised by the Defendants. Plaintiff points out that the USPTO proceedings will not resolve the defenses of laches, waiver, estoppel, other equitable defenses, and lack of statutory subject

matter under 35 U.S.C. § 101.  See 35 U.S.C. § 311(b) (limiting the grounds on which an inter partes review proceeding can be requested to "a ground that could be raised under section 102 or 103").

The Court finds that this factor weighs in favor of not staying this case because the issues in this case would not likely be significantly simplified by a stay.  First, the Court notes that the Plaintiff has agreed to dismiss the asserted claims of the '601 and '375 Patents that are at issue in the inter partes review proceedings and will seek to add different claims that are not at issue in the inter partes review proceedings.  As to the '601 and '375 Patent, the subject inter partes review proceedings will no longer have the potential to further simplify the issues in this case.

Second, the Court finds that it will likely be able to minimize any negative effects on efficiency and judicial economy by working with the parties to carefully draft an appropriate scheduling order.  Decisions on the inter partes reviews, even if instituted by the USPTO, will be completed by the time dispositive motions are filed in this case and before trial.  The USPTO must render its decision within 18 months of the filing of an inter partes review petition.  See 35 U.S.C. §§ 316(a)(11), 314(b) (providing that normally an inter partes review proceeding will be completed within 18 months).  Because the last of the inter partes review proceedings was filed in April 2015, that means all inter partes review proceedings will be completed by November 2016.  Moreover, by the time that Defendants file their claim construction briefs in this case, Defendants will likely be able to see any narrowing amendments and arguments being made to the claims in the inter partes review proceedings.

Third, even if the Court granted a stay, because there is no estoppel provision under 35 U.S.C. § 315(e)(2), it is likely that a stay will not simplify the issues in this case.  Neither the estoppel provision of 35 U.S.C. 315(e)(2) nor res judicata principles would prevent Defendants

from making the same or similar arguments in this case as being made by other automobile manufacturers in the inter partes review proceedings.  Moreover, the Court would still have to address other defenses not litigated in the inter partes review proceedings, including equitable defenses.  See Norgren Automation Solution, LLC v. PHD, Inc., No. 14-cv-13400, 2015 WL 1245942, at *2 (E.D. Mich. Mar. 18, 2015) (denying a motion stay, in part, because a stay would "have no impact on [Defendant's] asserted affirmative defenses, including estoppel, inequitable conduct and validity under 35 U.S.C. § 101.").

After considering all the facts, the Court finds that staying this case would not likely significantly simplify the issues in this case.  Moreover, through careful drafting of the schedule in this case, efficiencies both for the Court and the parties can be achieved.

**B.  Second Factor: Whether Discovery is Complete and Whether a Trial Date Has Been Set**

The second factor that the Court considers when deciding whether or not to grant a stay is whether discovery is complete and a trial date has been set.  This factor recognizes that granting a stay early in the case conserves judicial resources and saves the parties time and money by waiting to do costly discovery, claim construction, dispositive motions, and trial until after the USPTO determines the validity and scope of the asserted claims of the patents.  Cequent Performance Prods., Inc., 2015 WL 1510671, *2.

Defendants argue that although this case was filed well over a year ago, the case is in its infancy because the case has been delayed due to its transfer from the Central District of California.

Plaintiff argues, among other things, that this case should proceed until it is known for sure that the USPTO will even institute the inter partes reviews.  Plaintiff also points out that decisions on the inter partes reviews will occur before dispositive motions are filed and before

8

trial.  Thus, Plaintiff argues that that the Court and the parties will not need to spend time and resources on dispositive motions and a trial, if the patents are invalidated in the <u>inter partes</u> review proceedings.

The Court finds that this factor weighs only slightly in favor granting a stay.  Although this case has been pending well over a year, this case is in its infancy and a stay would generally save the parties time and money, if a decision in an <u>inter partes</u> review completely invalidates all the claims being asserted in a patent.  However, as discussed above, the Court finds that a carefully drafted scheduling order will allow decisions in the <u>inter partes</u> review proceedings to occur before dispositive motions are filed in this case.  Thus, the parties and the Court will conserve resources in preparing and deciding dispositive motions and having a trial for any patent claims that are invalidated in the <u>inter partes</u> review proceedings.  In addition, Defendants will likely have the benefit of Plaintiff's patent owner's response brief and any claim amendments from the <u>inter partes</u> review proceeding when drafting its claim construction response brief.  Thus, there is less chance of the Court having to readdress claim construction issues in light of any claim narrowing arguments and amendments that could occur in the <u>inter partes</u> review proceedings.

The Court also finds that it is likely that discovery costs and claim construction costs will be lower in this case than the typical patent infringement case, because the parties should have the benefit of discovery and claim construction briefing that has already taken place in the related cases filed by Plaintiff against other automobile manufacturers in the Central District of California.  Plaintiff will have already gathered and produced most of the relevant documents in the California case, which Defendants will likely have access to in this case.  Defendants will also likely have the benefit of depositions, interrogatory responses, invalidity contentions, and

claim construction arguments from the California case.  In fact, both parties agree that "the Court and the parties may streamline claim construction in this case with the benefit of Judge Kronstadt's claim construction order in the Central District."  Joint Discovery Plan & Proposed Scheduling Order at 7 (Dkt. 12).  Thus, the parties' discovery costs should be lower in this case than they otherwise would be.

### C. Third Factor: Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to Signal

The final factor that the Court considers is whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party.

Defendants argue that a stay would not prejudice Plaintiff, because Plaintiff is not selling competing products and, therefore, money damages will fully compensate Plaintiff.  Everlight Elecs. Co. v. Nichia Corp., No. 12-cv-11758, 2013 WL1821512, at *8 (E.D. Mich. Apr. 30, 2013).

Plaintiff argues that it would be prejudiced by a stay because this case is already over a year old.  If a stay is granted, Plaintiff argues that "months or even years could elapse before this litigation leaves the starting gate."  Pl. Resp. at 13.

The Court finds that this factor weighs slightly in favor of denying a stay.  The Plaintiff will be prejudiced by a stay, because a plaintiff has a legitimate interest in having its case timely resolved.  Significant delay is a consideration here, because many of the inter partes review proceedings were not filed until almost a full year after Plaintiff filed its complaint in this case.  Almost all of the USPTO proceedings were filed in March and April of 2015.  In fact, FCA filed its inter partes review proceeding one year after Plaintiff was served with the complaint, specifically on April 29, 2015.  See 5/1/2014 Proof of Service (Dkt. 21), Signal IP, Inc. v. Fiat U.S.A., Inc., Case No. 14-cv-03105 (C.D. Cal.).

10

If a defendant desires a stay, it should endeavor to minimize prejudice to a plaintiff, by diligently conducting a prior art search, and then drafting and filing an inter partes review petition if it desires to do so.  While the Court recognizes that searching for prior art and drafting an inter partes review petition does take a significant amount of time, a petitioner should try to file an inter partes review proceeding fairly quickly to reduce any prejudice to the Plaintiff.[4]

The Court notes that 35 U.S.C. § 315(b) sets an absolute one-year deadline from the service of the complaint in federal court to file an inter partes review proceeding.  The Court notes that FCA filed its inter partes review petition on the one-year statutory deadline.  Staying this case until completion of the inter partes review proceedings would mean that this case would likely not get started for at least two-and-a-half years after the filing of the complaint.  See 35 U.S.C. §§ 316(a)(11), 314(b) (providing that normally an inter partes review proceeding will be completed within 18 months).  Such a pace would not be appropriate for the prompt dispatch of judicial business.

While the absence of competition between the parties weighs against a finding of prejudice, that aspect is outweighed by possible harm from the slow pace to resolution that a stay would produce.

## IV. CONCLUSION

After carefully weighing the foregoing factors and the parties' arguments, the Court denies Defendants' joint motion to stay (Dkt. 13).  The parties shall contact the Court's Special Master Christopher G. Darrow to discuss a proposed schedule for this case.  The parties shall use the Court's Model Rule 26(f) Report and Proposed Scheduling Order as a guide in discussing a schedule that is appropriate for this case.

---

[4] Of course, there can be good reasons for delay in filing an inter partes review proceeding.  One reason would be if the parties are having good faith settlement discussions.

SO ORDERED.

Date:   September 30, 2015                         s/Mark A. Goldsmith
        Detroit, Michigan                         MARK A. GOLDSMITH
                                            United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2015.

                                          s/Carrie Haddon
                                          Case Manager